# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 1:23-cr-00044-DAE-1 |
| § | |
| JOHN MELGAR § | |

## ORDER

Before the Court are Defendant's Motion to Accept Late Filed Notice of Appeal (Dkt. 69) and Motion to Appoint Appellate Counsel (Dkt. 70), both filed April 3, 2025,[1] and Motion for Leave of Court to File Notice of Appeal and Motion to Withdraw as Counsel and for Appointment of Counsel on Appeal (Dkt. 71), filed April 9, 2025. The District Court referred the motions to this Magistrate Judge by Text Orders issued April 23 and April 24, 2025.

The District Court entered final judgment on March 7, 2025. Dkt. 66. Twenty-seven days later, on April 3, 2025, Defendant, acting *pro se*, filed a Notice of Appeal (Dkt. 68) and the two motions listed above. Defense counsel Daniel H. Wannamaker then moved to withdraw and appoint appellate counsel and to permit Defendant to file a late notice of appeal and. The Government takes no position on counsel's motion. Dkt. 71 at 2.

### I. Motion to Withdraw and Appoint Counsel

This Magistrate Judge finds there is good cause to permit counsel to withdraw and Defendant has received notice. **IT IS ORDERED** that Defendant's Motion to Appoint Appellate Counsel (Dkt. 70) is **GRANTED**, his Motion for Leave of Court to File Notice of Appeal and Motion to Withdraw as Counsel and for Appointment of Counsel on Appeal (Dkt. 71) is **GRANTED IN PART**, and Daniel H. Wannamaker is hereby **WITHDRAWN** as Defendant's counsel of record.

---

[1] Under the mailbox rule, the filing date is the date the Defendant placed his motion in the prison mailing system. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (per curiam).

Consistent with the Court's Order Regarding Financial Status (Dkt. 12), the Court finds that Defendant, who is serving a 120-month term of imprisonment, is financially unable to employ appellate counsel, and that the interests of justice require that counsel be appointed to represent him on appeal. Accordingly, **IT IS FURTHER ORDERED** that **LEONARD THOMAS BRADT #02841600** is hereby **APPOINTED** to represent Defendant on appeal.

### II.     Motion for Leave to File Notice of Appeal

Federal Rule of Appellate Procedure 4(b)(1)(A) provides that "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

> Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Rule 4(b)(4). Extensions of time under Rule 4(b)(4) are reviewed for abuse of discretion. *United States v. Clark*, 193 F.3d 845, 846 (5th Cir. 1999).

Defendant's notice of appeal was filed more than 14 days but less than 30 days after entry of judgment, but he offers no explanation for the late filing. Defendant is **ORDERED** to file an amended motion for leave to file a late notice of appeal by **October 10, 2025**, stating all facts and argument relevant to any finding of excusable neglect or good cause. If Defendant fails to do so, his Motion to Accept Late Filed Notice of Appeal (Dkt. 69) will be denied.

**SIGNED** on August 28, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE