IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § § | Case No. 1:23-cr-00044-DAE-1 |
| JOHN MELGAR § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE DAVID A. EZRA
     UNITED STATES DISTRICT JUDGE

Now before the Court is Defendant's Motion to Accept Late Filed Notice of Appeal, filed April 4, 2025 (Dkt. 69).[1]

The District Court entered final judgment on March 7, 2025. Dkt. 66. Twenty-eight days later, on April 4, 2025, Defendant filed a Notice of Appeal (Dkt. 68), Motion to Accept Late Filed Notice of Appeal (Dkt. 69), and Motion to Appoint Counsel for Appeal (Dkt. 70). Defense counsel then filed a Motion for Leave of Court to File Notice of Appeal and Motion to Withdraw as Counsel and for Appointment of Counsel on Appeal (Dkt. 71).

On August 28, 2025, this Magistrate Judge granted counsel's motion to withdraw, appointed appellate counsel to represent Defendant, and ordered Defendant to file an amended motion for leave to file a late notice of appeal by October 10, 2025, stating all facts and arguments relevant to any finding of excusable neglect or good cause. Dkt. 73 at 1-2. The Court warned Defendant that if he failed to comply with the Order, his Motion to Accept Late Filed Notice of Appeal would be denied. *Id.* Defendant has not filed an amended motion or otherwise complied with the Order.

---

[1] The District Court referred these motions to this Magistrate Judge by Text Orders issued April 23 and April 24, 2025, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Criminal Procedure 59, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

I.   Analysis

Federal Rule of Appellate Procedure 4(b)(1)(A) provides that "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

> Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(B).

Rule 4(b)(4). Extensions of time under Rule 4(b)(4) are reviewed for abuse of discretion. *United States v. Clark*, 193 F.3d 845, 846 (5th Cir. 1999).

Defendant's notice of appeal was filed more than 14 days but less than 30 days after entry of judgment, but he offers no facts or arguments relevant to any finding of excusable neglect or good cause under Rule 4(b)(4). The Court cannot grant leave without a showing of excusable neglect or good cause. *U.S. v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Because Defendant has made neither showing, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Accept Late Filed Notice of Appeal (Dkt. 69).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the Honorable David A. Ezra.

II.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the

District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 22, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE